9 F.3d 109
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dorothy ROBINSON, Ida Jones, and Warren Gaither, Plaintiffs-Appellants,
v.
MICHIGAN CONSOLIDATED GAS CO. and David W. Allard, Jr.,
Defendants-Appellees.
 No. 92-1452.
 United States Court of Appeals, Sixth Circuit.
 Oct. 19, 1993.
 
 Before: KEITH, GUY, and BATCHELDER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs appeal from a jury verdict for defendant Michigan Consolidated Gas Company (MichCon) and from an order denying leave to file an amended complaint as to defendant Allard. Finding no error, we affirm.
 
 I.
 
 2
 This case, which has been before us earlier,[1] started simply enough with an unpaid gas bill. After collection efforts failed, a judicial order was obtained to disconnect gas services. The landlord of the apartment building involved then reconnected the gas service, bypassing the meter in the process. Another court order and police assistance were ultimately necessary to terminate the illegal reconnection. When the landlord once again reconnected, involuntary bankruptcy proceedings were initiated against the landlord, and a trustee, defendant Allard, was appointed to take over the building. The gas charges were ruled to be nondischargeable since they were incurred in the course of a theft, and a judgment was entered against the landlord.
 
 
 3
 While the bankruptcy proceedings were ongoing, various orders were issued concerning the management of the apartment by a trustee. A February 4, 1986, order provided that the trustee contract with MichCon for gas service, said service to be paid for from rents received. This order specifically provided:
 
 
 4
 [M]ichCon will be entitled to terminate such service five (5) days after filing with the Court and serving upon the interested parties an affidavit showing that either (1) there has been a tampering or interference with the gas service to the building, or (2) proper payment has not been made by the Trustee for any heating gas service rendered.
 
 
 5
 What happened next is reported in our earlier opinion and will not be repeated here. Suffice it to say, MichCon cut off gas service when the gas bills were not paid due to there being insufficient rent collections to cover the bills. This litigation was then instituted by tenants in the apartment building and has continued unrelentlessly ever since.
 
 
 6
 After the district court granted summary judgment to defendants, we reversed in part, holding that granting summary judgment to MichCon was improper and also ordering the district court to consider an amended complaint that had been proffered.
 
 
 7
 On remand, the district court conducted a jury trial on plaintiffs' negligence claim against MichCon, and the jury found for the defendant. The district judge considered the proposed amended complaint and refused to allow it to be filed. This appeal followed.
 
 
 8
 On appeal, plaintiffs argue the court erred in failing to give certain requested jury instructions in the MichCon trial and abused its discretion in rejecting the proposed amended complaint. Although we find no merit to either contention, we will discuss each briefly.
 
 II.
 The Jury Instructions
 
 9
 Plaintiffs requested the following jury instructions that were not given:
 
 
 10
 One is not bound by a judgment in litigation in which he is not designated as a party or to which he has not been made a party by service of process. This rule is part of our deep-rooted historic tradition that everyone should have his own day in court. A judgment or decree among parties to a lawsuit resolves issues as among them, but it does not conclude the rights of others.
 
 
 11
 The bankruptcy court did not have jurisdiction to issue an order preempting state and local regulations.
 
 
 12
 Where a court is without jurisdiction in the particular case, its acts and proceedings can be of no force or validity, and are a mere nullity and void.
 
 
 13
 (App. 169) (citations omitted).
 
 
 14
 After the jury found for the defendants, the plaintiffs requested a new trial. Failure to give the above-quoted instructions was relied upon as grounds for a new trial. In denying the motion for a new trial, the district judge stated:
 
 
 15
 Plaintiffs in the instant case attempted to prove that MichCon was negligent in terminating the gas to the apartment. Certainly, the jury was permitted to conclude that reliance on the bankruptcy court order was reasonable. Although the Sixth Circuit determined that the local ordinance was not preempted, it took great care to express "no opinion on the merit of these claims or on any defense MichCon may raise based on the argument that it acted in conformity with the order". As such, the Court concludes that error was not committed in excluding the instruction, and in fact admission of the instruction may well have been considered plain error.
 
 
 16
 (App. 159) (footnote omitted). We agree. Additionally, we carefully have reviewed the entire set of instructions given by the district court and find they fairly presented the issues and stated the applicable law. Furthermore, plaintiffs' counsel was accorded wide latitude in his closing argument so that he in fact argued the points he sought to have included in the court's instructions.
 
 III.
 The Amended Complaint
 
 17
 The proposed amended complaint directed against defendant Allard sought to add claims of negligent maintenance and failure to repair the boiler. In rejecting the proposed amendment, the district court ruled:
 
 
 18
 Opposing the motion, Defendant Allard maintains that the Court in its Order Granting Defendant's Motion for Summary Judgment dated May 24, 1988, which was affirmed by the Court of Appeals, passed on the issue of negligence. Thus, Defendant contends that the motion should be denied as futile.
 
 
 19
 The court rule governing amendments of pleadings, Fed.R.Civ.P. 15, is designed to permit a party, acting in good faith, to amend unless his opponent would sustain undue prejudice, or the amendment would be futile. In its May 24, 1988, order granting summary judgment to Allard, this Court specifically held:
 
 
 20
 "Because the Court previously determined that implicit in the Order for Management of Properties was authority to refrain from paying bills when funds were inadequate, Plaintiffs cannot maintain that the Trustee was negligent in any manner."
 
 
 21
 Additionally, this Court concluded that the Bankruptcy Judge authorized, although de facto, the shut down of the boiler. In reaching this conclusion, this Court considered the findings of the Bankruptcy Judge tendered after a two day hearing regarding the safety of the boiler. Judge Rhodes concludes that "The boiler is not safe and cannot be made safe with any expenditure of money that is economically justified given the circumstances of the building[."] Given this conclusion, it would be absurd for this Court to hold the Trustee negligent for failing to maintain or repair the boiler. Thus, Plaintiffs' Motion for Leave to File a First Amended Complaint is DENIED as futile.
 
 
 22
 (App. 131-32) (footnote omitted). We agree and adopt Judge La Plata's findings as our own on this issue.[2]
 
 
 23
 AFFIRMED.
 
 
 
 [1]
 Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir.1990)
 
 
 [2]
 Judge La Plata went on to find that the trustee was prejudiced also as a result of the motion to amend being filed 10 months after the motion cut-off date and almost one year after the trustee filed his motion for summary judgment. In his motion opposing the filing of plaintiffs' proposed amended complaint, the trustee did not argue prejudice. He did argue futility, however, and also claimed that judicial economy would not be served by allowing the amendment, since it would be followed by a motion to dismiss which would be granted. We feel this is a better alternate ground for affirming the district court on this issue, rather than prejudice